```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
RA HORAKHTY RA'EL ALLAH-BEY          :      CASE NO. 1:14-CV-00199
aka ANTHONY WILLIAMS, JR.,           :
                                              :                                              :
        Petitioner,                  :
                                              :
vs.                                           :      OPINION & ORDER
                                              :      [Resolving Doc. No. 1]
BRIGHAM SLOAN,                       :
                                              :
        Respondant.                  :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Horakhty Ra'el Allah-Bey, aka Anthony Williams, Jr., filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is currently incarcerated in the Lake Erie Correctional Institution, having pled no contest in the Lorain County Court of Common Pleas on July 13, 2012 to two counts of having a weapon under disability.

He asserts two grounds for relief in his Petition: (1) the Lorain County Court of Common Pleas "fraudulently claimed authority from this Executors Office to administrate Ra Horakty Ra'el Allah-Bey's property by illegally using Anthony Williams, Jr. as an account to participate in [a] security-note-bond operation" (Doc. No. 1 at 13); and (2) the trial court lacked personal and subject matter jurisdiction over him because he is a "Moorish American National." (Doc. No. 1 at 5). For the reasons set forth below, the Petition is denied and this action is dismissed.

## I. Background

Petitioner provides very few factual allegations.  The entire Petition is composed largely of incomprehensible legal rhetoric.  He indicates he and his family were at a friend's apartment when police came to the door to investigate an odor of marijuana emanating from one of the units.  While they were questioning the resident of the apartment, the officers noticed shell casings from firearms and inquired about weapons on the premises.  The apartment resident produced a firearm and Petitioner led the officers to another.  The officers requested identification from the occupants of the apartment and discovered Petitioner was a convicted felon.  He was arrested and charged with two counts of having a weapon under disability.  He entered a plea of no contest to the charges and was sentenced to twenty-four months in prison. He appealed his conviction; however, he did not properly file his brief and the appeal was dismissed on October 24, 2013.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  He asserts two grounds for relief.  First, he states he is a "Moorish American National" which is a "nation within a nation because of the fact that our Ancestral lineage makes us the natural people of the land existing before the 'De facto' corporation of the United States."  He asserts that all crimes are commercial, and his crime is a registered bond of the United States Treasury.  He contends the State of Ohio fraudulently claimed authority from his Executors Office to use him as an account in its security-note-bond operation.  In his second ground for relief, Petitioner asks the Court to vacate his conviction, stating that it is void for lack of personal and subject matter jurisdiction because he is a Moorish American National.  He cites to "the Organic United States Republic Constitution," the Moroccan Treaty of Peace and

Friendship," the Divine Constitution, and the Zodiac Constitution as legal authority for his assertion. (Doc. No. 1 at 15). He requests that the Court view him as a "Master of a Public Vessel" as the superior property holder. (Doc. No. 1 at 16).

## II. Legal Standard

Although Petitioner filed this action under 28 U.S.C. §2241, he must comply with the requirements of 28 U.S.C. § 2254 because he is challenging his state court conviction. A state prisoner may bring an action pursuant to § 2241, but this change of statute does not change the nature of the action:

> [W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.) . . ..

*Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 371-72 (6th Cir. 2001); *see James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). This Petition is still subject to the restrictions imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining habeas relief from a state conviction under §2254. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir.2006); *Greene*, 265 F.3d at 371.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences,

and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

A decision is contrary to clearly established federal law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other

-4-

words, a state court's determination of facts is unreasonable if its finding conflicts with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

### III.     Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the petitioner (1) phrased the federal claim in

terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the petitioner must recite "chapter and verse" of constitutional law, but the petitioner is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has

-6-

addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

### IV. Exhaustion of State Court Remedies

In this case, Petitioner's claims are unexhausted. He filed an appeal of his conviction, but he did not comply with the Ohio Appellate Rules when submitting his brief, and the appeal was dismissed on procedural grounds. There is no indication in his Petition that he attempted to re-open his appeal, or raise these claims in an appropriate post judgment motion.

As explained above, a petitioner cannot obtain federal habeas relief unless he has

completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claim," since "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted). Accordingly, where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

Nevertheless, a habeas court need not wait for a petitioner's claims to be exhausted if it determines that a return to state court would be futile, or if the federal constitutional claims are plainly meritless and it would be a waste of time and judicial resources to require exhaustion. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991). Petitioner's grounds for relief are wholly without merit. Return to state court to exhaust these claims would be futile.

### V. Analysis

It is extremely difficult to discern any legal claim from Petitioner's pleading. He appears to be making a political statement rather than asserting actual legal claims for relief. He does not raise any discernable challenge to his conviction nor does he assert that some part of his criminal proceedings or sentence violated the United States Constitution. At best, he appears to

claim his conviction should be vacated because he is a descendant of the Moroccan people. He cites to the Treaty of Peace and Friendship, the Divine Constitution, and the Zodiac Constitution to support this assertion. Habeas relief under §2241 or §2254 is available only to the extent Petitioner claims he is being held in violation of the United States Constitution. Absent any claim that his conviction or sentence violated the United States Constitution, Petitioner is not entitled to relief in habeas corpus.

## VI. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, this Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Dated: June 4, 2014                    *s/        James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE